## The American Automobile Company *vs.* Thomas C. Perkins.

First Judicial District, Hartford, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The defendant filled out a blank order for an automobile of a special style and finish, at a price of $4,045, to be shipped at a future date, and delivered the order and his check for $500, as part payment in advance, to the plaintiff, who received and accepted them. As the check was written on a form used by a bank in another State and contained some erasures and interlineations, it was agreed that the defendant might, upon his return home, substitute for it a regularly numbered check taken from his own book. Instead of doing this the defendant requested the plaintiff to cancel his order and return his check, and shortly thereafter refused to pay it upon presentation. In a suit upon the check to recover its amount, it was *held:*—

1. That there had been a sufficient delivery of the check to entitle the plaintiff to sue upon it; the proposed substitution being a trivial matter which was evidently not intended to change in any essential respect the rights of the parties.

2. That the attempted revocation or withdrawal of the order by the defendant after its acceptance by the plaintiff, was ineffectual to relieve the former from liability on his check.

3. That it was apparent from the language of the order that it was not to be signed by the plaintiff; nor was it essential to its acceptance that the plaintiff's agent should have countersigned it at the time it was given, nor that he should have countersigned at all the duplicate of the order given to the defendant.

4. That the undertaking of the plaintiff to furnish the automobile pursuant to the terms of the order, as found by the trial court, was a sufficient consideration for the check.

5. That the nontender of the car at the time originally agreed upon for delivery was not only not pleaded as a defense, but was due to the defendant's own fault.

6. That upon the facts found there had been no mutual rescission of the contract of sale.

A check payable to order is deemed *prima facie* to have been issued for a valuable consideration.

The case of *Pierce* v. *Staub*, 78 Conn. 459, distinguished.

Argued October 5th—decided November 1st, 1910.

ACTION by the payee of a bank check against its maker, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and judgment reversed.*

The pleadings are as follows: Following form 74, Practice Book, p. 318, paragraph 1 of the complaint alleges that on March 11th, 1909, the defendant made and delivered to the plaintiff his check on the Connecticut River Bank of Hartford for $500; paragraph 2, that the check was duly presented but was not paid; paragraph 4, that the check remains the property of the plaintiff. Paragraph 3 alleges the payment of protest fees.

The answer states four defenses. The first denies paragraph 1 of the complaint, and alleges want of knowledge as to the remaining paragraphs. The second alleges that the paper sued upon was delivered upon an express agreement that it should not be used as a check, but should be held by plaintiff's agent until the defendant had opportunity to mail a numbered check from his personal check book; and that before the defendant had such opportunity said agent improperly attempted to use said paper as a check. The third defense avers that said numbered check was to be given as part payment for an automobile, "which the defendant wished to order, or was considering ordering," and that before said numbered check was to be delivered, "and before the defendant had consummated said order, or the plaintiff accepted the same, the defendant notified said agent, and the plaintiff, that he had changed and revoked his wish to order the automobile," and requested the return of said paper, and that the plaintiff failed to return it, and improperly attempted to use it as a check. The fourth defense avers that the alleged check was given and received without consideration.

The affirmative averments of these defenses were denied in the reply.

Upon the issues thus framed the trial court found these facts: The defendant, on and prior to March 10th, 1909, entered into negotiations at Boston, with the plaintiff, the latter acting therein through its agent and business manager, one William A. Webber. As a result of said negotiations, the defendant, on March 10th, 1909, signed and delivered to said Webber this writing:—

" ORDER*

BOSTON, March 11/09.

American Automobile Company,
                16 Columbus Avenue,
                                Boston.

GENTLEMEN:

I wish to order for delivery April 25.—1909 . . . *1* 50 Roadster, with rumble as follows: (here follows special description of car).

Price to be four thousand forty-five dollars f. o. b. Indianapolis. To be shipped via. Big Four.

Deposit of $500     paid herewith and balance of $3545.xx/100 to be paid on arrival of car.

                (Signature) THOMAS C. PERKINS.
                Street

Countersigned

                                City Hartford, Conn.
                                        State
————————————
   Salesman"


At the same time the defendant signed and delivered to said Webber, as agent as aforesaid, a check, in the following form:—

"Connecticut River Banking Co.,

~~STATE STREET TRUST COMPANY~~

Hartford, Conn.

~~Boston, Mass.,~~ March 11, 1909        No.

Pay to the order of American Automobile Co. $500. no/100.

Five Hundred and no/100————————Dollars

38 State Street

&

124 Massachusetts Ave.

THOMAS C. PERKINS."

Defendant objected to delivering said check because it contained erasures and interlineations made on a blank intended to be used for a check on the State Street Trust Company of Boston, and was not a numbered check taken from the defendant's check-book, intended to be used for checks on a bank in which defendant had money on deposit. It was agreed that Webber should hold said check without depositing the same, so as to give the defendant an opportunity upon his return to Hartford to substitute a check to be drawn on a blank taken from his regular checkbook and duly numbered, and to be sent to Webber as a substitute for the check then given. Defendant went on a short business trip, reaching Hartford on the evening of March 12th, 1909. The written instrument called "Order" was drawn in duplicate, both signed by the defendant; and one copy was retained by the defendant and the other given to Webber for the plaintiff; neither was signed by plaintiff or Webber until afterward, when Webber countersigned the copy given to him, "W. A. Webber, Salesman"; but such countersigning was without the knowledge of defendant. Webber informed the defendant that an order on plaintiff for an automobile would not be accepted

unless a check for $500 was given with such order, and thereupon defendant gave to Webber, for the plaintiff, the check and order above described, subject to the agreement above stated, and Webber received the same for and on behalf of the plaintiff, and the plaintiff did not otherwise accept said order except as hereinafter stated.

On the afternoon of March 13th, 1909, defendant, in Hartford, wrote and mailed to plaintiff, in Boston, a letter, the material part of which follows:

"HARTFORD, CONN., March 13, 1909.

The American Automobile Company,
 16 Columbus Avenue,
  Boston, Mass.

GENTLEMEN:

Referring to instructions I gave you last Thursday to order an 'American Roadster' for me for delivery the latter part of April, I beg to say upon reaching home I find some matters that came to a head which I did not anticipate, which will make it impossible for me to use this car until the latter part if at all this season; therefore, I wish you would cancel the instructions I gave you and return my cheque for $500, which I left with you. . . .

Yours very respectfully,
THOMAS C. PERKINS."

On the same day the defendant stopped payment on said check at the bank in Hartford.

On March 13th, before receiving said letter of defendant, Webber, on behalf of the plaintiff, caused said check to be endorsed by plaintiff's treasurer, in blank, and deposited it for collection; and on March 15th, 1909, it was presented at the banking-house of said

Connecticut River Banking Company, for payment, and was not paid, and was duly protested, and was returned to the plaintiff, and at the time of the trial was owned by plaintiff and was unpaid. Soon after said check was returned to the plaintiff, it forwarded the check to Hartford for collection, and payment was demanded of defendant and was refused.

The plaintiff was not a manufacturer of automobiles, but a sales agent, as both parties understood; and both understood that plaintiff was to procure said automobile to be finished, equipped, and shipped in and from Indianapolis by a manufacturer there located. After the receipt of the letter, the plaintiff took no further steps to build, equip, or deliver said automobile, and plaintiff has never shipped, or caused to be shipped, to the defendant said automobile, or any automobile, or tendered to the defendant said automobile or any automobile.

At the time said order and check were signed and delivered by the defendant, it was defendant's intention thereby to order the automobile specified therein, and to make a deposit of $500 to apply on the purchase price, subject only to his right to send a substitute check as aforesaid; and it was the intention of the plaintiff, acting by its agent Webber, to furnish the said automobile in accordance with the order of defendant, and to allow the defendant the privilege of sending a substitute check, and in case such substitute should not be sent, to use the check delivered, and both parties then so understood the matter.

*Joseph P. Tuttle*, for the appellant (plaintiff).

*Ralph O. Wells* and *Clement Scott*, for the appellee (defendant).

HALL, C. J. In rendering judgment for the de-

fendant upon the facts found, we think the trial court overlooked the real character of the action and of the issues framed by the pleadings. This is not an action to recover damages for a breach of contract to purchase an automobile, nor for a refusal to accept one which had been ordered; nor is it an action to recover a part of the agreed purchase price of the automobile ordered by the defendant. The pleadings show that it is an action upon a negotiable instrument, by the payee against the maker, and that the question of the latter's liability is to be determined by the rules of law applicable to such instruments.

The four, and only, defenses pleaded to such action, deny in effect that the defendant made such a delivery of the check as to enable the plaintiff to maintain an action upon it; they deny that the plaintiff is the owner of the check; and allege that the substitute check which was to be given was to be in part payment of the purchase price of an automobile which the defendant intended to order, but which intended order was revoked or countermanded before it was accepted; and allege that the paper delivered to the plaintiff was without consideration.

In his memorandum of decision the trial judge says that the plaintiff has failed to sustain the allegations of the complaint according to their full legal import, and the judgment-file states that the court finds the issues for the defendant. As we read the facts found, they not only sustain the allegations of the complaint, but fail to support any of the defenses pleaded.

First, the facts found show such a delivery of the check as entitles the plaintiff to sue upon it. The proposed substitution of a numbered check for the one given, was a trivial matter which was evidently not intended to change in any essential respect either the check given, or the rights of the parties under it. At

the most it only gave the defendant the privilege of postponing payment of the $500 for such reasonable time as would enable him to send a numbered check. He has never attempted to avail himself of this privilege, although he has had ample time to do so. The court has found that the parties intended that the check delivered could be collected if a substitute check should not be sent. It is apparent that the defendant could have sent the substitute check had he wished to, as early as March 13th, when he wrote the plaintiff. The original check was not presented for payment until March 15th, and payment was not attempted to be enforced by suit until April 1st. As a matter of fact the defendant decided as early as March 13th not to send the substitute check, but to attempt to revoke the agreement.

Second, the facts show no such revocation or withdrawal of the order before it was accepted as is alleged in the answer, or as relieves the defendant from liability on the check. The writing describing the automobile was an order which, from its language, was not to be signed by the plaintiff. It does not appear that the salesman who took the order was required to countersign it at the time it was given, or that he was at any time to countersign the duplicate given the purchaser. The countersigning of such an instrument by the salesman is usually for the purpose of authentication or attestation, for the benefit of the one receiving the order. This order was properly countersigned by Webber after he received it, and without the defendant's knowledge. That the order was accepted so that it became binding upon both parties, is shown by the fact that it was delivered and received, and that the check was given and received as an advance part payment, and deposited in the bank by the plaintiff, and is further shown by the finding that, by the signing and

delivery of the check and order, the defendant intended to order the automobile, and to deposit $500 to apply on the purchase price, and the plaintiff intended to furnish the automobile in accordance with the terms of the defendant's order.

The undertaking of the plaintiff as found by the court, to furnish the automobile in accordance with the terms of the order, was a sufficient consideration for the check, and further, the check is itself prima facie proof that it was issued for a valuable consideration. General Statutes, § 4194.

But it appears from the memorandum of the judge that the real ground of the decision of the trial court was that there was in effect a mutual rescission of the contract of sale by the parties, because the defendant by his letter of March 13th refused to carry out the contract, and the plaintiff failed to deliver or tender the automobile on the 25th of April. The court says in the memorandum: "It being admitted, or at least not disputed, that no delivery of the car was ever made, it follows that at the date of the suit the plaintiff had only a qualified title to the money, contingent upon delivery; and, further, that delivery has now become impossible by reason of the plaintiff's neglect or refusal to deliver or tender the car."

But there was no such issue in the case, as no such defense was pleaded. The third defense is that the defendant, *before he had "consummated" his order* and *before the plaintiff had accepted it,* revoked or countermanded his "wish to order." There is no suggestion in the answer that the plaintiff neglected or refused to deliver, in accordance with the terms of the written agreement, the automobile, as a part payment for which the check was given, or that it had become impossible for the plaintiff to deliver it, or that the plaintiff had in any manner treated the

American Automobile Co. *v.* Perkins.

contract, as a part of which the check was given, as rescinded. And further, the facts found fail to show that the plaintiff has treated the contract as rescinded. It was the defendant's and not the plaintiff's fault, that the automobile was not delivered on the 25th of April. The agreement did not contemplate a tender of the car before the payment of the check. The plaintiff was to receive the $500 more than forty days before he was required to tender the car. On the 13th of March the defendant stopped payment of the check and wrote the plaintiff, in effect, that he would not take the car if tendered.

While it is found that under these circumstances the car was not tendered on the 25th of April, it does not appear that the plaintiff cannot or will not deliver the automobile within a reasonable time after the check is paid, and upon payment of the balance of the purchase price. This is all that he is required to do.

There is no intimation in *Pierce* v. *Staub,* 78 Conn. 459, 62 Atl. 760, cited by the defendant, that a party who has advanced money in part payment of a contract, may alone rescind it and recover back the advance payment, while the other party is without fault and is ready and willing to perform his part of the agreement. The decision in that case is based upon the fact that the defendant had denied the right of the plaintiff's intestate to receive the property which was the subject of the contract of sale, and had disabled himself from performing his part of the contract by transferring the property to others, and had so treated the contract of sale as to in effect rescind it.

The fact in the present case, that the plaintiff made, under the circumstances, no tender of the automobile on the 25th of April, did not in law work a rescission of the contract of sale.

There is error and the judgment is reversed and the

case remanded with direction to render judgment for the plaintiff.

In this opinion the other judges concurred.